**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Lamberto Leyva-Garcia,<br>Movant/Defendant<br>-vs-<br>United States of America,<br>Respondent/Plaintiff. | CV-15-0275-PHX-DGC (JFM)<br>CR-14-0157-PHX-DGC<br>**Report & Recommendation**<br>**on Motion to Vacate, Set Aside or**<br>**Correct Sentence** |

### I.   MATTER UNDER CONSIDERATION

Movant, following his conviction in the United States District Court for the District of Arizona, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on March 30, 2015 (Doc. 4).  On August 25, 2015, Respondent filed its Response (Doc. 16), and an Affidavit from trial counsel (Doc. 15).  Movant has not replied.

The Movant's Motion is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 10, Rules Governing Section 2255 Cases , Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

### II.   RELEVANT FACTUAL & PROCEDURAL BACKGROUND
#### A.   FACTUAL BACKGROUND

Movant's Plea Agreement provided the following statement of factual basis:

> I am not a citizen or national of the United States.  I was removed from the United States through El Paso, Texas, on June 22, 2013.  I was voluntarily present and found in the United States at or near San Luis, Arizona, on December 11, 2013.  I did not obtain the express consent of the United States government to reapply for admission to the United States prior to returning to the United

1

> States.
>
> For sentencing purposes, I admit I was convicted of Re-entry of Removed Alien, a felony, on June 13, 2011, in the United States District Court, District of Arizona. I was represented by an attorney, and I was sentenced to eighteen (18) months imprisonment and three (3) years supervised release.
>
> I further admit that I was under a term of supervised release in No. CR-11-00443-001-PHX-DGC when the present offense was committed.

(CR 21, Plea Agreement at 8-9.) [1]

### B. PROCEEDINGS AT TRIAL

Movant was charged in a Complaint (CR 1) and then in an Indictment (CR 9) on charges of re-entry after removal. Counsel Weidner was appointed to represent Movant. (CR 2, ME 12/13/13.)

On March 18, 2014, Movant entered into a written Plea Agreement (CR 21), agreeing to plead guilty to the Indictment and to waive appellate and collateral attack rights, in exchange for various agreements on sentencing. On the same date, Movant entered a plea of guilty. (CR 18, Mag. Judge Findings & Recommendation.)

On June 4, 2014, Movant was sentenced to 24 months, consecutive to the 15 month sentence imposed on violation of supervised release in the prior prosecution. (CR 22, Judgment; Order 4/24/15, Doc. 5 at 2, n. 1.)

### C. PROCEEDINGS ON DIRECT APPEAL

Movant did not file a direct appeal.

### D. PRESENT FEDERAL HABEAS PROCEEDINGS

**Motion** – Movant commenced the current case by filing his original Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on February 13, 2015 (Doc. 1). On February 24, 2015, that Motion was dismissed with leave to amend.

---

[1] Documents in the underlying criminal case, CR-14-0157-PHX-DGC, are referenced herein as "CR ___."

(Order 2/24/15, Doc. 3.)  On March 30, 2015, Movant filed his Amended Motion (Doc. 4) ("Motion").  "In his Amended Motion, Movant alleges that his trial counsel was ineffective because he failed to file a motion to dismiss the illegal reentry charge based on the invalidity of Movant's prior removal."  (Order 4/24/15, Doc. 5 at 2.)  Movant argues that his prior removal was based upon a simple possession of cocaine (a trace amount on a $20 bill), which was not a valid basis for deportation. (Motion, Doc. 4 at 5.)

**Waiver** – On June 30, 2015, Respondent filed a Motion to Declare Attorney Client Privilege Waived (Doc. 8).  The motion was denied, but Movant was given 14 days to file a limited Waiver of attorney-client privilege, withdraw his claim of ineffective assistance, or to propose modifications.  (Order 7/1/15, Doc. 9 at 2.)  On July 13, 2015, Movant filed a signed Waiver (Doc. 10).

**Response** – On August 25, 2015, Respondent filed its Response (Doc. 16) to the Motion, and an Affidavit (Doc. 15) of trial counsel.  Respondent argues that Movant's claim of ineffective assistance is without merit because Movant has never had any immigration status or legal authorization to remain in the United States, and his removal was unrelated to his criminal history, and that trial counsel investigated these facts and appropriately advised Movant, making his guilty plea knowing and voluntary.

**Reply** – In an Order filed August 26, 2015 (Doc. 18), Movant was given through September 28, 2015 to reply in support of his Motion.  To date, Movant has not filed a reply.

### III.  APPLICATION OF LAW TO FACTS
#### A.  WAIVER

Some constitutional rights are automatically waived by entering an unconditional guilty plea. Such rights include, among others, the right to a jury trial, the right to confront one's accusers, and the right to invoke the privilege against self-incrimination, *McCarthy v. United States*, 394 U.S. 459, 466 (1969), as well as the right to challenge constitutional defects which occur before entry of the plea. *United States v. Broce*, 488

U.S. 563, 573-74 (1989).  A guilty plea breaks the chain of events that proceeded it in the criminal process. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  Once a defendant enters a valid guilty plea, he can no longer raise a claim of violation of constitutional rights that arose prior to the plea.  *Id*. at 267; *U.S. v. Benson*, 579 F.2d 508, 510 (9th Cir. 1978).

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Moreover, Movant's plea agreement included a waiver of "any right to file…any collateral attack…that challenges the conviction…the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any…motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions)." (CR 21 at 4-5.) The present motion is just such a collateral attack.

The Ninth Circuit regularly enforces "knowing and voluntary" waivers of appellate rights in criminal cases, provided that the waivers are part of negotiated guilty pleas, *see United States v. Michlin*, 34 F.3d 896, 898 (9th Cir.1994), and do not violate public policy, *see United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir.1996) (cataloguing public policy exceptions).  Similarly, the right to collateral review may be waived.  *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.1993). Such waivers usefully preserve the finality of judgments and sentences imposed pursuant to valid plea agreements. *See Baramdyka*, 95 F.3d at 843.

It is true that to be enforceable, such waivers must be made "knowingly and voluntarily." *United States v. Michlin*, 34 F.3d 896, 898 (9th Cir.1994). The Supreme Court has stated that where "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea

4

depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. . . . [A] defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [ineffective]." *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (internal quotation marks and citations omitted).

Because, as discussed hereinafter, the undersigned concludes that Movant has failed to establish ineffective assistance of counsel in entering into the plea agreement, thus Movant is bound by his waiver, and this Motion must be dismissed with prejudice.

**B.     INEFFECTIVE ASSISTANCE REGARDING PLEA**

Generally, claims of ineffective assistance of counsel are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on such a claim, Petitioner must show: (1) deficient performance - counsel's representation fell below the objective standard for reasonableness; and (2) prejudice - there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687-88. Although the petitioner must prove both elements, a court may reject his claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial. *Id.* at 697.

There is a strong presumption counsel's conduct falls within the wide range of reasonable professional assistance and that, under the circumstances, the challenged action might be considered sound trial strategy. *U.S. v. Quinterro-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848 (1996); *U.S. v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991). The court should "presume that the attorneys made reasonable judgments and decline to second guess strategic choices." *U.S. v. Pregler*, 233 F.3d 1005, 1009 (7th Cir. 2000).

An objective standard applies to proving such deficient performance, and requires a petitioner to demonstrate that counsel's actions were "outside the wide range of professionally competent assistance, and that the deficient performance prejudiced the

5

defense." *United States v. Houtcens*, 926 F.2d 824, 828 (9th Cir. 1991) (quoting *Strickland*, 466 U.S. at 687-90).   The reasonableness of counsel's actions is judged from counsel's perspective at the time of the alleged error in light of all the circumstances. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986); *Strickland*, 466 U.S. at 689.

To establish prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).  The pleading defendant must prove he was prejudiced from counsel's ineffectiveness by demonstrating a reasonable probability that but for his attorney's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Strickland*, 466 U.S. at 694. The Court must assess the circumstances surrounding the case to determine if the petitioner's allegation that he would have proceeded to trial is plausible. *See United States v. Keller*, 902 F.2d 1391, 1394-95 (9th Cir. 1990) (movant failed to show prejudice because he entered plea as alternative to long trial, possible conviction on more serious charges and a longer sentence).

Moreover, it is clear that the failure to take futile action can never be deficient performance. *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir.1996); *Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012).  "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982).

Here, Movant proffers nothing beyond his conclusory allegations in his Motion to support his allegations that he had a defense available based on the invalidity of his prior removal founded upon a simple possession conviction.  Respondent provides a copy of Movant's removal records from 2006.  In that proceeding, on July 4, 2006, Movant testified as follows:

> Q. Are you in possession of any immigration documents that allow

> you to enter or remain in the United States legally?
> A. No.
> Q. Have you ever applied for any immigration status?
> A. Yes in 1999.
> Q. What happened when you applied?
> A. They didn't give it to me because I got a ticket for being drunk.

(Exhibit A at 2.)  (Exhibits to the Response, Doc. 16, are referenced herein as "Exhibit ___.")  Conversely, on July 16, 2006, Movant testified:

> Q. Do you possess immigration documents allowing you to enter or remain in the United States legally?
> * * *
> A. No.
> Q. Have you ever applied for any United States immigration documents?
> A. Yes, in like 1989.
> Q. What type of immigration document did you apply for?
> A. I applied for amnesty and I was granted temporary legal status. My wife is a citizen of the United States. My status expired and I was later deported.
> Q. Do you have any immigration petitions filed on your behalf?
> A. No.

(Exhibit B at 1-2.)

The sole ground for Movant's removal in that proceeding was:

> You are an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act; to wit you entered the United States 27 miles East of the San Luis, Arizona port of entry by walking through the desert to avoid inspection. You were enroute to Phoenix, Arizona to reside and to seek unauthorized employment.

(Exhibit A, Order of Removal at 1.)

Thus, Movant's immigration records fail to support his contentions about the basis for his underlying, prior removal.

Moreover, trial counsel's Affidavit (Doc. 15) reflects that her review of Movant's immigration history revealed the foregoing, *i.e.* that the 2006 proceeding was Movant's only prior removal, and nothing in that proceeding was based on a prior conviction, let alone a conviction for possession.  Counsel further avows that she "did not believe he had a legal basis to challenge his July 3, 2006, expedited removal order or its subsequent reinstatements," and thus advised Movant that the plea agreement "was his best option for seeking the lowest sentence possible in his case." (*Id.* at 3.)

Movant proffers nothing to counter these contentions beyond his conclusory allegations in his Motion.

Based on the foregoing, the undersigned finds that it would have been futile to challenge the prior removal based upon it being founded upon a simple possession. Moreover, the undersigned finds that the sentencing advantages of the plea agreement made it reasonable for trial counsel to advise Movant to forego such a flawed defense in favor of a guilty plea. Accordingly, the undersigned finds that trial counsel's performance in advising Movant was not deficient.

A court may reject a claim of ineffectiveness upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial. *Strickland*, 466 U.S. at 697. Thus, the undersigned does not reach the prejudice issue.

Accordingly, the undersigned concludes that Movant has failed to show that trial counsel was ineffective in advising Movant to plead guilty, thus his plea was knowingly and voluntarily entered, and he is bound by the waiver of his collateral attack rights.

### IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2255 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Motion to Vacate is brought pursuant to 28 U.S.C. § 2255, and challenges Movant's federal criminal judgment or sentence. The recommendations if accepted will result in Movant's Motion being resolved adversely to Movant. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a

8

constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on the merits. Under the reasoning set forth herein, jurists of reason would not find the district court's assessment of the claims debatable or wrong.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Motion to Vacate, a certificate of appealability should be denied.

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Movant's Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed March 30, 2015 (Doc. 4) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

## VI.   EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth

Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 10, Rules Governing Section 2255 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: November 9, 2015

15-0275r RR 15 11 06 on HC.docx

_____
James F. Metcalf
United States Magistrate Judge